UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES MOODY,

    Petitioner,

  v.

SCOTT FRAKES,

    Respondent.

Case No. C09-5204RJB-KLS

ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL

Petitioner has filed petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. (Dkt. #2). He currently is being represented in this matter through *pro bono* counsel. This matter is before the Court on petitioner's filing of a motion for appointment of his *pro bono* counsel at public expense. (Dkt. #14). The Court, having reviewed petitioner's motion, hereby finds and ORDERS as follows:

There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254, unless an evidentiary hearing is required or such appointment is "necessary for the effective utilization of discovery procedures." See McCleskey v. Zant, 499 U.S. 467, 495 (1991); United States v. Duarte-Higareda, 68 F.3d 369, 370 (9th Cir. 1995); United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir. 1990); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). The Court also may appoint counsel "at any stage of the case if the interests of justice so require." Weygandt, 718 F.2d at 754. In deciding whether to appoint counsel, however, the Court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id.

Petitioner has not requested that he be allowed to conduct discovery in this matter, nor does the

ORDER
Page - 1

1 Court find good cause for granting leave to do so. See Rule Governing Section 2254 Cases in the United
2 States District Courts 6(a). The Court also has determined that an evidentiary hearing is not necessary in
3 this case. See Rule Governing Section 2254 Cases in the United States District Courts 8(c); Report and
4 Recommendation, dated the same date herewith). Further, in light of the Report and Recommendation,
5 dated the same date herewith, recommending that his *habeas corpus* petition be dismissed on its merits,
6 petitioner has not shown the required likelihood of success.

The legal issues in this matter also are not so complex, again in light of the discussion thereof contained in the Report and Recommendation, so as to require appointment of counsel at government expense. Lastly, petitioner has not shown that his particular conditions of confinement are such that "the interests of justice" require appointment of counsel at government expense. Accordingly, petitioner's motion for appointment of counsel (Dkt. #14) hereby is DENIED.

The clerk shall send a copy of this Order to petitioner and to counsel for respondent.

DATED this 2nd day of October, 2009.

Karen L. Strombom
United States Magistrate Judge